NO. 07-05-0355-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



SEPTEMBER 5, 2006



______________________________




JOSE M. RODRIQUEZ, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2005-409220; HONORABLE JIM BOB DARNELL, JUDGE



_______________________________



Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION

 Following a plea of not guilty, appellant Jose M. Rodriquez was convicted by a jury
of aggravated assault with a deadly weapon and sentenced to sixty years confinement. 
By a single issue, appellant contends the evidence was factually insufficient to support a
finding of guilt. We affirm.

 Appellant was charged with abducting the victim and forcing her to drive to various
locations in Lubbock while threatening her with a pocketknife. At trial, the victim testified
she met appellant at the He's Not Here Saloon on Avenue Q where they played three
games of pool. After the third game, the victim decided to leave. As she walked toward
the door, appellant asked her for a ride; however, she refused stating she had to go to
work. She then left the bar and walked to her vehicle in the parking lot. Immediately after
entering her vehicle, the victim testified she saw appellant sitting in the passenger seat
holding a pocketknife. Appellant ordered her to drive and stated that he also had a gun. 
The victim testified she did not jump out of the vehicle and run back into the bar because
she "was in shock."

 First, appellant ordered the victim to drive to a "crack house" on 14th Street. During
the drive, appellant repeatedly threatened to "slice [her] throat" if she "tried to do anything
stupid." Upon arriving at the residence, the victim observed several men in front of the
house. One of the men approached the vehicle and handed appellant a substance
wrapped in tinfoil. Appellant then proceeded to smoke the substance in a glass pipe. He
also attempted to make the victim smoke some of the substance but was unsuccessful. 
While appellant was preoccupied, the victim testified she grabbed an ASP baton she
carried for protection from beneath the seat and put it under her legs so that it was easily
accessible. She also stated she did not jump out of the vehicle at this point because she
did not feel safe amongst the men and feared being "dragged into the house." 

 Next, appellant instructed her to drive slowly through two hotel parking lots. The
victim testified she did not feel safe getting out at either hotel and was hoping appellant
would eventually leave her alone. Appellant then ordered her to drive to a secluded
industrial area on Slaton Highway. At some point, the victim decided to ignore the
command and made a U-turn back toward town. Appellant became angry and stated he
was going to rape her and cut her throat. The victim pulled into the Unisource warehouse
parking lot and told appellant she needed to take one of her anxiety pills before she could
drive any further. As appellant looked for her pills in the ashtray, she stepped on the gas
and jumped out of the vehicle. As appellant took off in her vehicle, she ran to the loading
dock of the warehouse and told two Unisource employees to call the police.

 Lubbock police officers found the victim's abandoned truck the next day, and the
victim subsequently identified appellant out of a photo lineup. At trial, the State called
seven witnesses, including the victim. One witness testified on behalf of appellant. By his
sole issue on appeal, appellant contends the evidence was factually insufficient to sustain
the jury's finding that he assaulted the victim with a deadly weapon. We disagree.

 In conducting a factual sufficiency review, we view all the evidence without the prism
of "in the light most favorable to the prosecution" and set aside the verdict only if it is so
contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. 
Johnson v. State, 23 S.W.3d 1, 9 (Tex.Cr.App. 2000). We must determine after
considering all the evidence in a neutral light, whether the jury was rationally justified in
finding guilt beyond a reasonable doubt. Zuniga v. State, 144 S.W.3d 477, 484
(Tex.Cr.App. 2004). In our review, we do not resolve any conflict of fact, weigh any
evidence, or evaluate the credibility of the witnesses, as this was the function of the trier
of fact. See Adelman v. State, 828 S.W.2d 418, 421 (Tex.Cr.App. 1992).

 Here, the evidence is consistent with the victim's testimony that she was assaulted
with a deadly weapon. Barry Baird testified he arrived at the He's Not Here Saloon and
observed the victim and appellant in the parking lot by her vehicle. The victim testified
appellant brandished a pocketknife throughout the event and repeatedly threatened to
harm her. The two Unisource employees testified they saw a vehicle pull into the
warehouse parking lot and observed the victim run up to the loading dock "screaming and
yelling." They described her as "shaken, hysterical, and crying" and heard her say that a
man was trying to stab her and kill her. They also recalled seeing a black baton in the
parking lot. The baton was later retrieved by a police officer.

 Lubbock police officer James Sullivan, who responded to the scene and took the
victim's statement, described the victim as "absolutely hysterical" and stated that she
appeared to be a victim. The next day, he was able to lift two fingerprints from the victim's
vehicle which were later confirmed to be those of appellant. Detective Roy Vieregge
confirmed the victim was able to identify appellant out of a photo lineup and that appellant's
fingerprints were found in the victim's vehicle. Furthermore, he testified he was initially
skeptical of the victim's version of events, but after further investigation, became "very
comfortable" that the events actually happened.

 On the other hand, the lone witness for the defense, David Gomez, who was
awaiting trial on charges of aggravated assault and murder, testified he was at the house
on 14th Street and remembered the victim and appellant together "looking to get some
drugs." He stated he observed the victim and appellant smoke crack cocaine and rode in
the backseat of the victim's truck while they searched for methamphetamine. He further
stated he did not hear appellant threaten the victim and did not see a knife.

 After reviewing the entire record, we find the evidence indicating appellant assaulted
the victim with a deadly weapon to be sufficient. The jury, as trier of fact, may choose to
believe all, some, or none of any witness's testimony. Sharp v. State, 707 S.W.2d 611, 614
(Tex.Cr.App. 1986). A jury's decision is not manifestly unjust merely because it resolved
conflicting views of evidence in favor of the State. Cain v. State, 958 S.W.2d 404, 410
(Tex.Cr.App. 1997). Viewing the evidence in a neutral light, we conclude the evidence is
not so weak that the jury's verdict was clearly wrong and unjust, nor is the verdict so
against the overwhelming weight of the evidence as to be clearly wrong and unjust. We
hold the jury was rationally justified in finding guilt beyond a reasonable doubt. Appellant's
issue is overruled.

 Accordingly, the trial court's judgment is affirmed.

 Don H. Reavis

 Justice


Do not publish.